JP:AB

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

RONALD KINGSLEY YOUNG,

              Defendant.

- - - - - - - - - - - - - - - - -X

**05 1306 M**

C O M P L A I N T

(T. 8, U.S.C., §§ 1326(a) and 1326(b)(2))

EASTERN DISTRICT OF NEW YORK, SS:

      THOMAS KILBRIDE, being duly sworn, deposes and states that he is a Special Agent with Immigration and Customs Enforcement, duly appointed according to law and acting as such.

      On or about October 13, 2005, within the Eastern District of New York and elsewhere, the defendant RONALD KINGSLEY YOUNG being an alien who had previously been arrested and convicted of an aggravated felony, to wit: Criminal Possession of a Controlled Substance in the Third Degree in violation of Section 220.16(1) of the New York State Penal Law, and was thereafter excluded and deported from the United States and who had not made a re-application for admission to the United States to which the Attorney General had expressly consented, was found in the United States.

      (Title 8, United States Code, Sections 1326(a), 1326(b)(2)).

2

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I have been a Special Agent of Immigration and Customs Enforcement for approximately fifteen years and have been involved in the investigation of numerous cases concerning the illegal re-entry of aliens. I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file, including the defendant's criminal history record; and from reports of other law enforcement officers involved in the investigation.

2. The defendant RONALD KINGSLEY YOUNG is a citizen of Jamaica.

3. On May 6, 1987, the defendant, RONALD KINGSLEY YOUNG, was convicted of Criminal Possession of a Controlled Substance in the Third Degree in violation of Section 220.16(1) of the New York State Penal Law, in Queens, New York. On January 20, 1988, the defendant was sentenced to a term of imprisonment of one to three years.

4. Following his 1988 conviction, the defendant RONALD KINGSLEY YOUNG was ordered deported as an aggravated felon on February 1, 1990 and was deported from the United States on

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

November 6, 1996 to his home country of Jamaica for violation of Sections 241(a)(11) of the Immigration and Nationality Act.

   5. During the course of an unrelated investigation, other ICE agents and I went to 90-23 201st Street, Hollis, New York. The defendant RONALD KINGSLEY YOUNG answered the door and stated he was Ronald Young. The defendant admitted that he had previously been deported from the United States. At that time, the defendant RONALD KINGSLEY YOUNG was arrested.

   6. Following his arrest, the defendant was advised of and agreed to waive his <u>Miranda</u> warnings. The defendant stated, in sum and substance, that he was Ronald Kingsley Young and that he had previously been convicted of a felony drug possession charge. The defendant RONALD KINGSLEY YOUNG admitted that he had been deported following his conviction and that he returned illegally to the United States some time in 1996. The defendant RONALD KINGSLEY YOUNG stated that he re-entered the United States in the U.S. Virgin Islands.

   7. A search of the files of Immigration and Customs Enforcement has revealed that there exists no request by the defendant for permission from the United States Attorney General to re-enter the United States after deportation.

4

WHEREFORE, your deponent respectfully requests that an arrest warrant be issued for the defendant RONALD KINGSLEY YOUNG so that he may be dealt with according to law.

_____
THOMAS KILBRIDE
Special Agent
Immigration and Customs Enforcement

Sworn ~~to~~ before me this