UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x

UNITED STATES OF AMERICA,

      -against-

RONALD YOUNG,                       NOTICE OF MOTION

          Defendant.             05 Cr 846 (ARR)

----------------------------------x

SIRS/MADAMES:

PLEASE TAKE NOTICE that upon the accompanying affidavit of the defendant YOUNG, sworn to the 10th day of February, 2006, and all the proceedings heretofore had herein, the defendant will move this Court before the Honorable District Judge A.R. Ross, at the United State Courthouse for the Eastern District of New York, located at 225 Cadman Plaza, Brooklyn, New York, for an order:

1.  Dismissing the Indictment pursuant to Rule 12(b), of the Federal Rules of Criminal Procedure, and

2.  Granting such other relief as to the Court appears just and proper.

Dated:  New York, New York
      February 10, 2006.

                       Yours, etc.,

                        /s

                _____

                B. ALAN SEIDLER, ESQ.
                Attorney for Defendant
                580 Broadway
                New York, New York 10012
                212-334-3131

To:  CLERK OF THE COURT, ECF

      OFFICE OF THE UNITED STATES ATTORNEY
      Eastern District of New York
      attn. Jonathan Green, Esq.
           Assistant United States Attorney

      CHAMBERS HON. ALLYNE R. ROSS

      RONALD YOUNG

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x

UNITED STATES OF AMERICA

      v.                           SUPPORTING AFFIDAVIT

RONALD YOUNG,                05 Cr 846 (ARR)

          Defendant.

-----------------------------------------------------x

STATE OF NEW YORK )
                    ss:
COUNTY OF KINGS    )

      RONALD YOUNG, being sworn, deposes and says:

      This affidavit is submitted in support of my motion to dismiss the instant Indictment for the

following reasons pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure.

<u>THE CHARGING STATUTE IS UNCONSTITUTIONAL</u>

      1.  Defendant moves to dismiss the Indictment pursuant to Rule 12(b) of the Federal Rules

of Criminal Procedure on the ground that Count One charges two separate offenses.  Defendant is

charged with violations of Title 8 USC @ 1326(a) and 1326(b)(2) in the single count of the

Indictment.  In relevant part it is charged that defendant, ".....  an alien who had previously been

deported from the United States subsequent to a conviction for the commission of an aggravated

felony, was found in the United States without the Attorney General of the United States having

expressly consented to such alien's applying for admission."

      2.  Title 8 USC @ 1326(b), which authorizes a prison term of up to 20 years for a person

whose deportation was subsequent to a conviction for commission of an aggravated felony,

establishes a distinct offense from that set out in @1326(a), which did not mention prior convictions and limited the term of imprisonment to two years

3.   Based on the Supreme Court decision in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), quantity of narcotics is an element of an offense charged in the Indictment.  In United States v. Thomas, 274 F.3d 655 (2d Cir. 2000) it was held that the failure to allege drug quantity in the indictment or submit the issue to a jury is error.  See also, United States v. Norby, 225 F.3d 1053 (9th Cir. 2000); United States v. Strayton, 250 F.3d 462 (6th Cir. 2001); United States v. Robinson, 250 F.3d 527 (7th Cir. 2001).

4.   The Second Circuit stated in United States v. Garcia, 240 F.3d 180, 183 (2d Cir. 2001) that narcotics quantities as they relate to mandatory maximum and minimum sentences must be submitted to a jury for a finding beyond a reasonable doubt, and are not to be determined by a sentencing Judge.  Accord, United States v. Baltas, 236 F.3d 27 (1st Cir. 2001); United States v. Williams, 235 F.3d 858 (3rd Cir. 2000); United States v. Doggett, 230 F.3d 160 (5th Cir. 2000); United States v. Cordfrado, 227 F.3d 528 (6th Cir. 2000); United States v. Nance, 236 F.3d 820 (7th Cir. 2000); United States v. Aguayo Delgado, 220 F.3d 926 (8th Cir. 2000); United States v. Hernandez-Guardado, 228 F.3d 1017 (9th Cir. 2000); United States v. Hackard, 238 F.3d 1222 (10th Cir. 2001); United States v. Nealy, 232 F.3d 825 (11th Cir. 2000).

5.   Appellant has a right to be convicted of the crime for which he is charged.  See, United States v. Tran, 234 F.3d 798 (2d Cir. 2000) [the District Court lacked jurisdiction to enter a conviction or impose a sentence for an offense not charged in the indictment.

6.   Although the Supreme Court in Almendarez-Torres v. United States, 523 U.S. 224, 239 (1998), ruled that a conviction for an aggravated felony prior to deportation need not be alleged in the indictment or proven beyond a reasonable doubt.  However, the Apprendi, supra. Court held that

"any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 120 S. Ct. at 2362-63. Consequently, this Court's holding in <u>Almendarez-Torres</u> must logically be overruled. Title 8 USC @ 1326(a) does not mention prior convictions, and limits the term of imprisonment to 2 years.

7. Defendant is improperly charged with two separate, and distinct offenses in the single count Indictment. Count One charges a violation of both Title 8 United States Code @1326(a) and @1326(b). However, pursuant to the <u>Apprendi</u>, supra. ruling, @1326(b) which authorizes a prison term of up to 20 years for a person whose deportation was subsequent to a conviction for commission of an aggravated felony, must be a separate and distinct offense from that set forth in @1326(a), which did not mention prior convictions, and limits the imprisonment term to 2 years. The Indictment must be dismissed as it is unconstitutional.

<u>THE GOVERNMENT VIOLATED ITS NON PROSECUTION  AGREEMENT</u>

8. I was arrested on October 13, 2005, at my home in Queens, New York. At that time law enforcement agents entered my home without a warrant through a closed door. The agents said they were looking for my son Richard, although Richard was not at the residence. The agents then physically hit and abused me, threatened my physical safety, and went though my home, searching, and destroying its contents. After their search, I was informed by the agents that narcotics were found at the residence.  After the agents made that statement, an agent handed me a piece of paper to sign, and said if I signed, I would not be charged with an offense. I was not given time to read the paper before I signed, because I was afraid of more violence. Upon information and belief, the paper I signed after the law enforcement search at the residence was a "consent to search" form for the residence.

9.  A very short time after I signed the "consent" paper I was told by the agents that if I made arrangements for a drug supplier to bring narcotics to my home I would not be arrested if the agents were able to arrest the supplier.  Accordingly, I made the requested arrangement for people I knew to be drug suppliers to come to the residence.  The suppliers were then arrested by the agents.  It is my information and belief those arrested are named Fausto Frais, and Gerardo Davila, and both are now being prosecuted in the United States District Court for the Eastern District of New York under felony indictments.   I lived up to my agreement with the Government.

10.   Contrary to the promise of the Government, I am still being prosecuted herein for a criminal offense [18 USC 1326(a) and (b)(2)].

11.   Agreements made by the Government, including plea agreements are to be strictly construed against the Government.  United States v. Ready, 82 F.3d 551, 559 (2d Cir. 1996). Ambiguities in an agreement are resolved against the Government.  United States v. Miller, 993 F.2d 16, 20 (2d Cir. 1993).  The remedy for a breach by the Government of its agreement is the specific performance of the agreement.  United States v. Brody, 808 F.2d 944, 947 (2d Cir. 1986).  A defendant is entitled to the specific performance of a promise not to prosecute.  United States v. Ecker, 232 F.3d 348, 349-50 (2d Cir. 2000).  I was promised no prosecution if I cooperated post arrest.

MY ARREST WAS THE PRODUCT OF AN ILLEGAL SEARCH

12.   Again, I was arrested on October 13, 2005, at my home in Queens, New York.  At that time law enforcement agents entered my home without a warrant through a closed door.  The agents said they were looking for my son Richard, although Richard was not at the residence.  The agents then physically hit and abused me, threatened my physical safety, and went though my home,

searching, and destroying its contents.  After their search, I was informed by the agents that narcotics were found at the residence.   After the agents made that statement, an agent handed me a piece of paper to sign, and said if I signed, I would not be charged with an offense.  I was not given time to read the paper, but I signed anyway because I was afraid of more violence.  Upon information and belief, the paper I signed after the law enforcement search of the residence was a "consent to search" form for the residence.  It was only because of the illegal, warrantless entry into my home that the agents learned I had previously been deported from the United States.  The agents were not looking for me, the agents came to arrest my son Richard, and the agents were doing so in an illegal manner.  If the agents had not entered my home illegally on October 13, 2005, I would not have been arrested.  I had a reasonable expectation of privacy in my home.  Rakas v. Illinois, 439 U.S. 128, 143 (1978).

13.  The Indictment charging me with illegal re-entry should be dismissed because it is the direct result of the illegal, warrantless search of my home.  My statements concerning my identity made in the course of my illegal detention on October 13, 2005, are the basis for the charge contained in the instant Indictment.   If I was not illegally arrested I would have no obligation to disclose "pedigree" type information to the police.  They broke into my home, threatened me with bodily harm, and did so, and now seek to prosecute me based on information they obtained while trespassing in my home.  The exclusionary rule is applied to evidence obtained as both a direct and indirect result of an unlawful search and seizure.  See, Wong Sun v. United States, 371 U.S. 471, 484-85 (1963).  The exclusionary rule also applies to words overheard in the course of unlawful activity, or confessions or statements of the accused obtained during an illegal detention.  United States v. Crews, 445 U.S. 463, 470 (1980); United States v. Babwah, 972 F.2d 30, 34 (2d Cir. 1992); United States v. Spencer, 955 F.2d 814, 819-20 (2d Cir. 1992) [discovery of a witness through violation of a defendant's Sixth Amendment right to counsel].

WHERERFORE, defendant requests the Indictment be dismissed, alternately a hearing be ordered to resolve factual disputes, and such other relief granted as is just.

DATED: February 10, 2006.

Sworn to and subscribed by,

/s

_____

RONALD YOUNG

Witnessed by,

/s

_____

B. Alan Seidler
Attorney for Defendant Young